Slip Op. 15-112

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HOME ASSURANCE CO.,<br><br>Defendant. | Before: Richard W. Goldberg, Senior Judge<br>Court No. 10-00185 |

**OPINION**

[Plaintiff is awarded $299,441.10 in prejudgment interest under 19 U.S.C. § 580 but denied equitable prejudgment interest.]

Dated:  September 30, 2015

*Edward F. Kenny*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for plaintiff.  With him on the brief were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, and *Amy S. Rubin*, Assistant Director.

*Herbert C. Shelley*, Steptoe & Johnson LLP, of Washington, DC, for defendant.  With him on the brief was *Mark F. Horning*.

Goldberg, Senior Judge: Plaintiff the United States ("the United States or "the government") commenced this action to recover unpaid antidumping duties plus pre- and postjudgment interest from surety Defendant American Home Assurance Company ("AHAC"). Following cross-motions for summary judgment, the court held AHAC liable for the unpaid duties, denied the government statutory prejudgment interest under 19 U.S.C. § 580 (2012), and awarded the government equitable pre- and postjudgment interest. *United States v. Am. Home Assurance Co.* (*AHAC CIT 14-7*), 38 CIT __, 964 F. Supp. 2d 1342 (2014).  The Court of Appeals for the Federal Circuit affirmed on the issue of liability but reversed on statutory

prejudgment interest, holding that the government was entitled to interest under § 580. *United States v. Am. Home Assurance Co.* (*AHAC CAFC*), 789 F.3d 1313 (Fed. Cir. 2015). This case is now before the court on remand to "calculate the precise amount of [§ 580] interest owed" and to consider whether, in light of the Court of Appeals' § 580 holding, "the government is entitled to equitable prejudgment interest in addition to [§ 580] interest." *Id.* at 1328, 1330.

## BACKGROUND

The court offered a detailed exposition of the facts in its preappeal opinion. *AHAC CIT 14-7*, 38 CIT at __, 964 F. Supp. 2d at 1345–46. Facts pertinent to the remaining issues are here recited again.

In 2001, AHAC issued a continuous bond on behalf of New York–based importer JCOF (USA) International, Inc. ("JCOF"). JCOF had arranged to import freshwater crawfish tail meat from Chinese exporter Yangzhou Lakebest Foods Company, Ltd., and the imports were subject to a 1996 antidumping duty order issued by the U.S. Department of Commerce ("Commerce"). JCOF made two entries of Yangzhou's crawfish meat during the period covered by the bond, both in November 2001. For each entry, JCOF declared a 0% *ad valorum* antidumping duty rate.

In 2004, Commerce published the final results of its administrative review of the antidumping duty applicable to entries of crawfish meat made between September 1, 2001 and August 31, 2002. *Freshwater Crawfish Tail Meat from the People's Republic of China*, 69 Fed. Reg. 7193 (Dep't Commerce Feb. 13, 2004) (admin. review). Based on this review, Commerce assigned Yangzhou's crawfish meat exports a 223.01% *ad valorem* antidumping duty rate. Commerce instructed Customs to liquidate JCOF's November 2001 entries at that rate, which Customs did on June 25, 2004. JCOF did not pay, so Commerce demanded payment from AHAC.

Customs was concerned that the June 2004 liquidation violated an injunction that this court had issued in a separate case, *Shanghai Taoen International Trading Co., Ltd v. United States*, 29 CIT 189, 360 F. Supp. 2d 1339 (2005). So, once *Shanghai Taoen* was resolved and the injunction lifted, customs then reliquidated JCOF's entries. Customs demanded payment from AHAC on October 2, 2005. Pl.'s Suppl. Br. Regarding the Amount of Interest Owed by Def. Pursuant to 19 U.S.C. § 580, at 2, ECF No. 66 ("Pl.'s Suppl. Br."). Once again, AHAC refused to pay.

In response, the government filed suit against AHAC in this court pursuant to 28 U.S.C. § 1582(2). Besides claiming that AHAC was liable as JCOF's surety, the government also claimed that it was entitled to statutory prejudgment interest under § 580 and equitable interest both pre- and postjudgment. Section 580 provides that "[u]pon all bonds, on which suits are brought for the recovery of duties, interest shall be allowed, at the rate of 6 per centum a year, from the time when said bonds became due." Although the historical context of § 580— including the government's own past representations—suggested that the statute applied only to normal customs duties, not antidumping duties, the government argued that § 580's plain language nonetheless warranted a contrary result.

The court held AHAC liable for JCOF's unpaid duties, but denied the government § 580 interest, finding the statute's historical context to be persuasive. *AHAC CIT 14-7*, 38 CIT __, 964 F. Supp. 2d 1342. The court awarded prejudgment equitable interest at a rate set forth in 26 U.S.C. § 6621 after considering a number of factors. "[F]ull compensation" for the time-value of money was "the court's overriding concern," trumping any delay by the government in bringing suit, good-faith defenses to AHAC's liability, and "Customs' erroneous reliquidations." 38 CIT

at __, 964 F. Supp. at 1356–57.  Finally, the court awarded postjudgment interest at a rate set forth in 28 U.S.C. § 1961.

The parties cross-appealed to the Federal Circuit, which affirmed this court's liability holding but reversed on § 580 interest.  *AHAC CAFC*, 789 F.3d 1313.  The Court of Appeals held that the government was entitled to interest under § 580 and remanded for this court to "calculate the precise amount of [§ 580] interest owed."  *Id.* at 1328.  The Court of Appeals also remanded so that this court could consider whether, in light of the Court of Appeals' § 580 holding, "the government is entitled to equitable prejudgment interest in addition to [§ 580] interest."  *Id.* at 1330.

## DISCUSSION

Per the Court of Appeals' opinion above, the court now "calculate[s] the precise amount of [§ 580] interest owed" and considers whether "the government is entitled to equitable prejudgment interest in addition to [§ 580] interest."  *AHAC CAFC*, 789 F.3d at 1328, 1330.  Section 580 interest runs "at the rate of 6 per centum a year, from the time when said bonds became due" until the date of judgment.  AHAC's bonds "bec[a]me due" on October 2, 2005, the date that Customs demanded payment pursuant to its June 2005 reliquidations.  Pl.'s Suppl. Br. 2; *see United States v. Am. Home Assurance Co.* (*AHAC CIT 15-88*), Slip Op. 15-88, 2015 WL 4927388, at *6 (CIT Aug. 19, 2015) (citing 19 C.F.R § 113.62(a)(ii) (2014)).[1]  And § 580 interest stopped accruing on January 23, 2014, the date of this court's original judgment on

---

[1] Interest does not run from Customs' earlier demand (pursuant to the June 2004 liquidations) because Customs voided that earlier demand through the June 2005 reliquidations.  (Moreover, the government takes the position that § 580 interest runs only from the 2005 demand.  Pl.'s Suppl. Br. 2.)  Nor does interest run, as AHAC argues, from February 9, 2007, the date on which Customs once again demanded payment from AHAC after denying AHAC's protest of the 2005 demand.  AHAC never appealed the protest denial to this court, thus rendering AHAC's 2005 demand final and conclusive.  *Cf.* 19 U.S.C. § 1514.  Finally, the proper date for the 2005 demand is October 2, 2005.  Although the Court of Appeals' opinion states that Customs' postreliquidations demand came in September 2005, the government's supplemental briefing confirms that October 2, 2005 was the actual date.  Pl.'s Suppl. Br. 2.

liability. Judgment, ECF No. 53.[2] Interest therefore ran on a liability amount of $600,000 for 3036 days at a rate of 6% per annum for a total of $299,441.10.[3]

Having calculated the precise amount of § 580 interest, the court now considers whether the government should also get equitable prejudgment interest. At the outset, the court notes its agreement with *AHAC CIT 15-88* that the applicability of § 580 "would appear to resolve the [availability of equitable prejudgment interest] because equity operates in the absence of a statute." 2015 WL 4927388, at *6. Nonetheless, the Court of Appeals stated that its § 580 holding "altered the landscape of th[is] case" and remanded for consideration of "whether dual sources of interest are proper." *AHAC CAFC*, 789 F.3d at 1330.

"Generally, pre-judgment interest 'compensate[s] for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress.'" *AHAC CIT 15-88*, 2015 WL 4927388, at *6 (quoting *West Virginia v. United States*, 479 U.S. 305, 310 n.2 (1987)). "[F]actors that may be considered in determining an award of equitable prejudgment interest [include] '[1] the degree of personal wrongdoing on the part of the defendant, [2] the availability of alternative investment opportunities to the plaintiff, [3] whether the plaintiff delayed in bringing or prosecuting the action, and [4] other fundamental considerations of fairness." *AHAC CAFC*, 789 F.3d at 1329 (quoting *United States v. Great Am. Ins. Co. of New York*, 738 F.3d 1320, 1326 (Fed. Cir. 2013)).

---

[2] The government argues that § 580 interest will not stop accruing until the court enters judgment after the Court of Appeals remand. But, as noted, the court entered its original liability judgment against AHAC on January 23, 2014. Judgment, ECF No. 53.

[3] Interest = (Principal Amount) × 0.06 × (Number of Days Interest Accrued ÷ 365). Because the court is not usually in the business of calculating interest (as opposed to simply awarding it), the court retrieved this formula from the government's supplemental briefing (and corrected the formula by removing an errant exponent). Pl.'s Suppl. Br. 1. AHAC did not provide an interest formula or address whether the government's formula is correct. *See* Def.'s Suppl. Br. Regarding Amount of Interest, ECF No. 67.

Weighing these equitable factors and remaining cognizant of the compensatory purpose of prejudgment interest, the court holds that an award is inappropriate in this case. On the one hand, the government "did not excessively delay instituting the instant action" insofar as the government filed within the statute of limitations. *AHAC CIT 14-7*, 38 CIT at __, 964 F. Supp. 2d at 1356; *see also AHAC CIT 15-88*, 2015 WL 4927388, at *7. And at least some wrongdoing on the part of AHAC is clear because AHAC was ultimately liable. *See AHAC CIT 14-7*, 38 CIT at __, 964 F. Supp. 2d at 1356.

But on the other hand lies the rationale underlying equitable prejudgment interest: compensating for the time-value of money. Were the government to receive equitable prejudgment interest, the rate would be the Federal short-term funds rate described in 26 U.S.C. § 6621. *See* 28 U.S.C § 2644. Between the relevant dates (Customs' October 2, 2005 demand and the court's January 23, 2014 judgment), the short-term funds rate varied between 0.18% and 5.16%. The average rate was 1.77%. As a result, the 6% rate that the government receives under § 580 "more than fairly compensates the Government for the time value of the unpaid duties. To award equitable pre-judgment interest in these circumstances would overcompensate the Government. The court therefore declines to award equitable pre-judgment interest to the Government in addition to § 580 interest." *AHAC CIT 15-88*, 2015 WL 4927388, at *8.[4]

---

[4] Because the court holds an award of equitable interest to be unwarranted, the court does not reach AHAC's argument that any award of equitable prejudgment interest is precluded by the Continued Dumping and Subsidy Offset Act of 2000 (CDSOA), 19 U.S.C. § 1675c (2000). And because the court does not reach AHAC's CDSOA argument, the court denies the government's motion to strike that argument as moot. *See* Mot. to Strike, ECF No. 68. Finally, the court sees no reason to "alter its standing award of equitable postjudgment interest," as the Court of Appeals indicated that the court is permitted to do. *AHAC CAFC*, 789 F.3d at 1330 n.12. "Post-judgment interest is not discretionary, but rather is available as a matter of right to prevailing parties. *AHAC CIT 15-88*, 2015 WL 4927388, at *9 (citing *United States v. Servitex, Inc.*, 3 CIT 67, 68 n.5, 535 F. Supp. 695, 696 n.5 (1982); *Great Am. Ins. Co.*, 738 F.3d at 1326)).

**CONCLUSION**

For the foregoing reasons, the court awards the government $299,441.10 in prejudgment

interest under 19 U.S.C. § 580 but denies the government equitable prejudgment interest.

Judgment will be amended accordingly.


                                                                /s/ Richard W. Goldberg
                                                                Richard W. Goldberg
                                                                Senior Judge


Dated:  September 30, 2015
New York, New York