NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**UNITED STATES,**

*Plaintiff-Appellant*

**v.**

**AMERICAN HOME ASSURANCE COMPANY,**

*Defendant-Cross-Appellant*

---

2016-1258, 2016-1264

---

Appeals from the United States Court of International Trade in No. 1:10-cv-00185-RWG, Senior Judge Richard W. Goldberg.

---

Decided: May 31, 2017

---

EDWARD FRANCIS KENNY, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice, New York, NY, argued for plaintiff-appellant. Also represented by BEVERLY A. FARRELL, AMY RUBIN; JEANNE E. DAVIDSON, BENJAMIN C. MIZER, Washington, DC; BETH C. BROTMAN, Office of Assistant Chief Counsel, United States Bureau of Customs and Border Protection, Department of Homeland Security, New York, NY; BRANDON ROGERS, Indianapolis, IN.

HERBERT C. SHELLEY, Steptoe & Johnson, LLP, Washington, DC, argued for defendant-cross-appellant. Also represented by MARK FREDERICK HORNING.

EDWARD GRAHAM GALLAGHER, The Surety & Fidelity Association of America, Washington, DC, for amicus curiae The Surety & Fidelity Association of America.

_____

Before WALLACH, CLEVENGER, and SCHALL,
*Circuit Judges*.

WALLACH, *Circuit Judge*.

This appeal and cross-appeal concern two legal issues related to the award of equitable prejudgment interest and the date from which statutory prejudgment interest under 19 U.S.C. § 580 (2012) begins to accrue in suits on bonds for recovery of duties. For the reasons stated below, we affirm the final decision of the U.S. Court of International Trade ("CIT").

BACKGROUND

Cross-Appellant American Home Assurance Company ("AHAC") issued a continuous bond on behalf of a New York-based importer of freshwater crawfish tail meat from the People's Republic of China in 2001. *United States v. Am. Home Assurance Co.* (*Am. Home III*), 102 F. Supp. 3d 1376, 1377−78 (Ct. Int'l Trade 2015). When both the importer and AHAC refused to pay antidumping duties assessed on the merchandise, the United States ("Government") sued AHAC to reclaim the unpaid duties, statutory prejudgment interest under § 580,[1] and equita-

_____

[1] "Upon all bonds, on which suits are brought for the recovery of duties, interest shall be allowed, at the

ble pre- and post-judgment interest. *Id.* at 1378. The CIT awarded the unpaid duties and equitable pre- and post-judgment interest to the Government but did not award statutory prejudgment interest. *See United States v. Am. Home Assurance Co.* (*Am. Home I*), 964 F. Supp. 2d 1342, 1357 (Ct. Int'l Trade 2014). Relevant here, we reversed and remanded with instructions to calculate and award the Government statutory prejudgment interest and to reconsider whether, in light of our holding, "the [G]overnment is entitled to equitable prejudgment interest in addition to [statutory prejudgment] interest." *United States v. Am. Home Assurance Co.* (*Am. Home II*), 789 F.3d 1313, 1330 (Fed. Cir. 2015).

On remand, the CIT found the Government was entitled to $299,441.10 in § 580 statutory prejudgment interest from AHAC but was not entitled to equitable prejudgment interest. *Am. Home III*, 102 F. Supp. 3d at 1380. It stated that "[b]etween the relevant dates . . . [t]he average [Federal short-term funds] rate was 1.77%. As a result, the 6% rate that the [G]overnment receives under [statutory prejudgment interest] more than fairly compensates the Government for the time value of the unpaid duties." *Id.* (internal quotation marks, citation, and footnote omitted).

The Government appeals the CIT's decision not to award equitable prejudgment interest in addition to statutory prejudgment interest, contending that prejudgment statutory interest under § 580 "is not [] duplicative" of equitable prejudgment interest. Appellant's Br. 17. AHAC cross-appeals the amount of statutory prejudgment interest awarded under § 580, arguing that the interest should "begin[] to run from the date of [U.S. Customs and Border Protection's ("Customs")] first formal demand for

---

rate of 6 per centum a year, from the time when said bonds become due." 19 U.S.C. § 580.

payment after denial of AHAC's protest," Cross-Appellant's Br. 32, rather than the date of Customs's first demand prior to disposition of AHAC's protest, as the CIT held, *id.* at 30−31. We have subject matter jurisdiction pursuant to 28 U.S.C. § 1295(a)(5) (2012).

## DISCUSSION

Our court recently addressed both issues on appeal here in the related case *United States v. American Home Assurance Co.*, Nos. 2016-1088, 2016-1090, slip op. at 7, 10 (Fed. Cir. May 26, 2017) ("No. 16-1088"). The panel in No. 16-1088 concluded in a precedential decision that equitable prejudgment interest was not warranted where the Government received six percent prejudgment interest pursuant to § 580 and that § 580 interest accrues from the date of Customs's first, pre-protest demand. *Id.*

As we must, we follow the panel's holding in No. 16-1088. *See, e.g.*, *Deckers Corp. v. United States*, 752 F.3d 949, 959 (Fed. Cir. 2014) (explaining that "[i]n this Circuit, a later panel is bound by the determinations of a prior panel, unless relieved of that obligation by an en banc order of the court or a decision of the Supreme Court"). There are no substantive legal or factual differences between the issues raised in No. 16-1088 and those presented here as to the equitable prejudgment interest and statutory interest accrual date. AHAC at oral argument stated that the only difference between the cases was the Government's argument related to treating § 580 as a "penalty," *see* Oral Argument at 17:04−20, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=20 16-1258.mp3; however, this argument was briefed in No. 16-1088 as well, *see Am. Home Assurance Co. v. United States*, Nos. 2016-1088, 2016-1090, Dkt. No. 22, at 13−20 (Fed. Cir. May 12, 2016), and the panel in 16-1088 rejected it, *see* No. 16-1088, slip op. at 4 ("We do not agree with the [G]overnment's characterization [of § 580 interest as a penalty].").

CONCLUSION

Accordingly, because our decision in No. 16-1088 controls, the Final Decision of the U.S. Court of International Trade is

**AFFIRMED**